## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| RICHARD GOETTLE, INC., | : | Case No. 1:19-cv-829 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| KEVITT EXCAVATING, LLC d/b/a | : | |
| KEVITT COMPANIES, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER GRANTING DEFENDANT'S
## MOTION TO TRANSFER VENUE TO THE
## DISTRICT OF MINNESOTA (Doc. 6)

This civil action is before the Court on the motion to transfer venue filed by

Defendant Kevitt Excavating, LLC d/b/a Kevitt Companies ("Kevitt Co.") (Doc. 6) and

joined by Defendant Granite Re, Inc. ("Granite Re") (Doc. 7). Also before the Court are

the parties' responsive memoranda. (Docs. 8, 16, 17).

## I. BACKGROUND

Plaintiff Richard Goettle, Inc. ("Plaintiff") is an Ohio construction company with

its principal place of business in Cincinnati, Ohio. (Doc. 1 at 2; Doc. 2 at 1). Kevitt Co.

is a Minnesota construction company with its principal place of business in Crystal,

Minnesota. (Doc. 1 at 2; Doc. 2 at 1). Granite Re is an Oklahoma surety company with

its principal place of business in Oklahoma City, Oklahoma. (Doc. 1 at 2; Doc. 2 at 1–2).

In 2018, the City of Minneapolis (the "City") hired Kevitt Co. to perform certain

excavation work on a construction project in downtown Minneapolis (the "Project").

(Doc. 2 at ¶ 6; Doc. 10 ¶ 6; *see also* Doc. 2 at 13, 43).  Thereafter, Kevitt Co. entered into a subcontract with Plaintiff (the "Subcontract").  (Doc. 2 at ¶ 7; Doc. 10 at ¶ 7; *see also* Doc. 2 at 20–26).  The Subcontract required Plaintiff to complete certain drilling work for the Project.  (Doc. 2 at ¶ 7; Doc. 10 at ¶ 7; *see also* Doc. 2 at 20–26).

The Subcontract contains a choice-of-law clause which provides that "[a]ll Contract Documents shall be construed in accordance with the laws of the State of Minnesota."  (Doc. 2 at 26).  The Subcontract also contains a forum-selection clause which provides that "any dispute or claim arising between [Plaintiff and Kevitt Co.]" under the Subcontract "shall be filed and litigated in an appropriate district court in Minnesota."[1]  (*Id.* at 25).

It appears that, after the Subcontract was executed, several issues arose.  (*See* Doc. 2 at ¶ 30; Doc. 10 at ¶ 30; *see also* Doc. 2 at 41, 43).  By way of example, harsh weather conditions caused the parties to experience several construction delays.  (Doc. 2 at 41).  And Kevitt Co. became entangled in a payment dispute with the City and the City's construction manager.  (*Id.* at 43–44; *see also* Doc. 10 at ¶ 99).

In the wake of these issues, Plaintiff filed suit against both Kevitt Co. and Granite Re (Kevitt Co.'s surety) in Ohio state court.  (*Id.* at 1–2).  Plaintiff's complaint alleges that, while Plaintiff has performed all the work required by the Subcontract, neither Kevitt Co. nor Granite Re has paid Plaintiff the full amounts due thereunder.  (*Id.* at

---

[1] The Subcontract requires Plaintiff and Kevitt Co. to engage in alternative dispute resolution before filing such a dispute or claim in court.  (Doc. 2 at 25).  However, neither Plaintiff nor Kevitt Co. has moved the Court to compel alternative dispute resolution in this case.  (*Id.* at

¶¶ 11–12, 46–68). Plaintiff's complaint asserts claims for breach of contract, unjust enrichment, "payment on bond," and negligence. (*Id.* at ¶¶ 46–68).

On September 30, 2019, Granite Re removed this case from state to federal court on the basis of diversity jurisdiction. (Doc. 1 at 1). Thereafter, on October 9, 2019, Kevitt Co. filed a section 1404(a) motion, seeking to transfer this case from Ohio to Minnesota, pursuant to the Subcontract's forum-selection clause (the "Motion to Transfer" or the "Motion"). (Doc. 6 at 1). Granite Re subsequently "joined" Kevitt Co. in asserting the Motion by way of an appropriate filing. (Doc. 7 at 1).

The parties have fully briefed the Motion, which is now ripe for adjudication. (Docs. 6, 7, 8, 16, 17). This Order follows.

## II. STANDARD OF REVIEW

A forum-selection clause may be enforced through a section 1404(a) motion. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 52 (2013). Section 1404(a) provides as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

Typically, the court "must evaluate both the convenience of the parties and various public-interest considerations" to determine whether a section 1404(a) motion should be granted. *Atl. Marine*, 571 U.S. at 62; *Boling v. Prospect Funding Holdings, LLC*, 771 F. App'x 562, 567 (6th Cir. 2019). The plaintiff's choice of forum is entitled to "some weight" in the analysis, and the burden rests with the movant to overcome that weight by

showing that the parties' private interests and other public-interest considerations militate in favor of transfer. *Atl.* Marine, 571 U.S. at 62–63 & n.6.

"The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Id.* at 63 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)). In that instance, "the plaintiff's choice of forum merits no weight." *Id.* The court must "deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* at 64. And the "court may consider arguments [from the parties] about [the] public-interest factors only." *Id.*

"Because [the public-interest] factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* The burden is on the party opposing the forum-selection clause to "show[] that [the] public-interest factors overwhelmingly disfavor a transfer." *Id.* at 67.

### III. ANALYSIS[2]

Here, Kevitt Co. moves the Court to transfer this case from Ohio to Minnesota pursuant to the Subcontract's forum-selection clause. (Doc. 6 at 1). Plaintiff does not dispute that it executed the Subcontract containing the forum-selection clause. (*See* Doc. 8). Nor does Plaintiff dispute that the forum-selection clause encompasses its claims

---

[2] As an initial matter, there is no dispute that this case "might have been brought" in the District of Minnesota. 28 U.S.C. § 1404(a). Whether a case might have been brought in a transferee court depends on whether the transferee court "has subject matter jurisdiction; the defendants are subject to personal jurisdiction in that court; and venue is proper." *Kamrass v. Jefferies, LLC*, No. 1:17-CV-964, 2017 WL 4271830, at *2 (N.D. Ohio Sept. 26, 2017). On review, the Court finds that each of these elements is satisfied. None of the parties contends otherwise.

against Defendants.  (*See id.*).  Nevertheless, Plaintiff argues that the Court should decline to transfer this case to the agreed-upon forum.  (*Id.* at 1).  Plaintiff's argument rests upon two notable contentions.  Plaintiff's foremost contention that the forum-selection clause is not enforceable.  (*Id.* at 4).  Plaintiff also claims (in passing) that public-interest considerations disfavor transfer.[3]  (*Id.* at 5).

*Infra*, the Court addresses each of Plaintiff's contentions in turn.

**A.  Clause Enforceability**

"A forum[-]selection clause should be upheld absent a strong showing that it should be set aside."  *Wong v. PartyGaming, Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009). When evaluating the enforceability of a forum-selection clause, a court must consider the following factors: "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust."  *Id.*  "The party opposing the forum[-]selection clause bears the burden of showing that the clause should not be enforced [under these three enforceability factors]."  *Id.*; *accord M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 18 (1972).

---

[3] Plaintiff additionally argues that "venue and personal jurisdiction are proper before this Court." (Doc. 8 at 1).  But this argument does not actually address the matter at issue in Kevitt Co.'s Motion to Transfer.  (Doc. 6).  In a section 1404(a) motion, the question is not whether venue is *proper* is in the initial forum; the question is whether venue is <u>more proper</u> in another forum. *See, e.g.*, *J4 Promotions, Inc. v. Splash Dogs, LLC*, No. 1:08-CV-977, 2009 WL 385611, at *27 n.22 (N.D. Ohio Feb. 13, 2009) ("Section 1404(a) governs [the] transfer of properly venued actions for the sake of convenience . . . .").

Here, Plaintiff does not argue that the forum-selection clause was obtained by unconscionable means.  (Doc. 8 at 4).  Nor does Plaintiff argue that the Minnesota courts would ineffectively handle this lawsuit.  (*See id.*).  Instead, Plaintiff purports to ground its argument in the third enforceability factor.  (*See id.*).  Plaintiff claims that it would be unjust for the Court to allow Kevitt Co. to insist upon a strict adherence to the Subcontract's forum-selection clause, when Kevitt Co. has "conclusively failed to abide by" the Subcontract's payment-related provisions.  (*See id.* at 4–5).  In other words, Plaintiff claims that it would be unjust for the Court to allow Kevitt Co. to enforce some of the Subcontract's provisions while breaching others.  (*See id.*; *see also id.* at 8).

Plaintiff's argument misses the mark.

As an initial matter, Plaintiff has jumped the gun on the issue of Kevitt Co.'s liability.  While Plaintiff has *alleged* that Kevitt Co. breached the Subcontract (Doc. 2 at ¶¶ 46–50), Kevitt Co. has not <u>admitted</u> to any such wrongdoing (Doc. 10 at ¶¶ 46–50). Instead, Kevitt Co. has filed an answer and counterclaim explicitly denying that Kevitt Co. has violated the terms of the parties' agreement.  (*Id.* at ¶¶ 46–50, 102–03).  Under these circumstances, it is not really appropriate for Plaintiff to claim that Kevitt Co. has "conclusively failed to abide by" the Subcontract's payment-related provisions.  (Doc. 8 at 4–5).

But more importantly, Plaintiff does not address the **<u>type</u>** of injustice that can void a forum-selection clause.  *See Wong*, 589 F.3d at 828.  To clarify—the third enforceability factor does not ask whether a defendant has *generally* committed an injustice upon a plaintiff by breaching a contract, withholding amounts due, etc.; the third

enforceability factor asks whether the parties' agreed-upon forum is "so seriously inconvenient" that it would be unjust to require the plaintiff to litigate there.  *Id*. (emphasis added).  As explained by the Sixth Circuit, the injustice inquiry turns on "whether the chosen forum is so inconvenient as to, in effect, afford no remedy at all, thus depriving litigants of their day in court."  *Preferred Capital, Inc. v. Assocs. in Urology*, 453 F.3d 718, 722 (6th Cir. 2006) (emphasis added, quotation marks and citations omitted).

In light of this clarification, whether Kevitt Co. has "conclusively failed to abide by" the Subcontract's payment-related provisions is beside the point.  (Doc. 8 at 4–5). The pertinent question is whether it would be so inconvenient for Plaintiff to litigate this case in Minnesota that Plaintiff would be deprived of its day in court.  *Preferred*, 453 F.3d at 722.  And, with regard to this pertinent question, Plaintiff has made no showing. Plaintiff has not argued that it would be inconvenient for Plaintiff to proceed with this case in Minnesota; nor has Plaintiff claimed that a transfer of this case to Minnesota would deprive it of the ability to litigate.  (*See* Doc. 8 at 4–9).  As such, Plaintiff has failed to establish that injustice exists under the third enforceability factor.

In the end, Plaintiff has failed to show that any of the enforceability factors weigh in its favor.  As a result, the Subcontract's forum-selection clause is enforceable.

### B.  Public Interest

As the forum-selection clause is enforceable, the burden is on Plaintiff to "show[] that [the] public-interest factors overwhelmingly disfavor a transfer."  *Atl. Marine*, 571 U.S. at 67.  "Public-interest factors may include 'the administrative difficulties flowing

from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" *Id.* at 62 n.6 (quoting *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241 n.6 (1981)).

Here, Plaintiff does not directly address the public-interest factors set forth in *Atlantic Marine*. Instead, Plaintiff argues that Ohio has a "substantial interest in seeing that its residents get the benefit of their bargains." (Doc. 8 at 5 (citation omitted)).

Plaintiff's argument falls short of its burden.

Ohio doubtlessly has a public interest in resolving disputes involving its residents' agreements. But so does Minnesota. And moreover, Minnesota has a public interest in this case for two additional reasons. This case arises from a Minneapolis-based construction Project. (Doc. 2 at ¶¶ 6–7; Doc. 10 at ¶¶ 6–7). And this case focuses on a Subcontract governed by Minnesota law. (Doc. 2 at 26). It should go without saying that Minnesota has a strong interest in resolving a Minnesota-centric controversy involving Minnesota-based law in the Minnesota court systems. *Accord Atl. Marine*, 571 U.S. at 62 n.6.

With regard to the administrative difficulties flowing from court congestion, *id.*, the Court has reviewed the June 30, 2020 Judicial Caseload Profiles for both the District of Minnesota and the Southern District of Ohio.[4] And, based upon its review of those

---

[4] The Judicial Caseload Profiles can be accessed at:
https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2020.pdf.

profiles, the Court concludes that the fora's respective levels of congestion do not weigh compellingly in favor of either venue.

All things considered, Plaintiff has failed to show that the public-interest factors overwhelmingly disfavor transfer.  And, as such, this case should proceed in Minnesota.

## IV. CONCLUSION

Based upon the foregoing, the Motion to Transfer (Doc. 6) is **GRANTED**. Accordingly, this case is hereby **TRANSFERRED** to the United States District Court for the District of Minnesota, for reassignment to a Judge at that location.  Upon its transfer, this case shall be **TERMINATED** upon the docket of this Court.[5]

**IT IS SO ORDERED.**

Date:  9/25/2020

Timothy S. Black
United States District Judge

---

[5] Additionally, the Court **TERMINATES** as moot Doc. 7, which contains the filing Granite Re used to "join" the Motion to Transfer.